UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMRA J. WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C17-5111-JPD<br><br><br><br>ORDER |

Plaintiff Tamra J. Womack appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 49-year-old woman with a high school diploma and two years of college education. Administrative Record ("AR") at 85. Her past work experience includes employment as a cashier, receptionist, data entry clerk, records clerk, and benefits eligibility worker. AR at 34, 291. Plaintiff was last gainfully employed in September 2012. AR at 269.

ORDER - 1

In May 2013, Plaintiff applied for DIB and SSI, alleging an onset date of September 29, 2012. AR at 230-45. Plaintiff asserts that she is disabled due to post-traumatic stress disorder ("PTSD"), hearing loss, depression, diabetes, back problems, pelvic floor syndrome, and high blood pressure. AR at 268.

The Commissioner denied Plaintiff's applications initially and on reconsideration. AR at 166-69, 178-91. Plaintiff requested a hearing, which took place on December 18, 2014. AR at 66-109. On May 26, 2015, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 15-36. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 4-9. On February 13, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

ORDER - 2

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Ms. Womack bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

V.   DECISION BELOW

On May 26, 2015, the ALJ found:

1. The claimant meets the insured status requirements of the Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since September 29, 2012, the alleged onset date.

3. The claimant's lumbar and thoracic degenerative disc disease, diabetes mellitus, persistent depressive disorder, and hearing loss corrected with hearing aids are severe impairments.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with additional limitations: she is able to lift/carry ten pounds frequently and twenty pounds occasionally. She is able to stand/walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday, with normal breaks. She can occasionally stoop, crouch, crawl, and climb ladders, ropes, or scaffolds. She can frequently balance, kneel, and climb ramps or stairs. She is limited to occasional tasks requiring hearing only when hearing aids are not present. She must avoid concentrated exposure to extreme cold, noise, vibration, and hazards. She is able to perform simple, routine, tasks. She can have no contact with the public.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

8. The claimant has not been under a disability, as defined in the Act, from September 29, 2012, through the date of the decision.

AR at 17-35.

## VI. ISSUES ON APPEAL

The principal issues[2] on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's subjective testimony;

2. Whether the ALJ erred in discounting the medical opinion evidence; and

3. Whether the ALJ erred in discounting lay evidence.

Dkt. 13 at 1.

## VII. DISCUSSION

A. <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

The ALJ summarized Plaintiff's subjective statements, and explained that he found them not entirely reliable because: (1) the medical record contradicts her statements; (2) she made inconsistent reports to providers regarding her history, symptoms, and response to medication; (3) she failed to follow all of her providers' recommendations; and (4) she stopped working for reasons unrelated to her impairments. AR at 25-30. Plaintiff argues that these reasons are legally insufficient.

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.

---

[2] Plaintiff's brief also assigns error to the ALJ's RFC assessment and findings at step five, but in doing so reiterates arguments made elsewhere. Dkt. 13 at 17-18. Therefore, this issue need not be addressed separately.

20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[3] *Burrell v. Colvin* 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *Medical evidence*

Plaintiff argues that the ALJ could not discount her testimony solely based on

---

[3] In Social Security Ruling ("SSR") 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016, and not applicable to the 2015 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER - 7

discrepancies between her testimony and the objective medical record. Dkt. 13 at 9. But the ALJ did not do this; the ALJ provided multiple reasons to discount Plaintiff's testimony. AR at 25-30.

Plaintiff implicitly concedes that, as the ALJ found, the medical evidence contradicts her allegations regarding her diabetes and eye problems, but argues that this is not a reason to discount her allegations related to depression, PTSD, or back pain. Dkt. 13 at 9. But the ALJ did not explicitly cite the evidence related to diabetes or eye problems as a reason to discount Plaintiff's allegations related to depression, PTSD, or back pain, and thus Plaintiff's arguments are unhelpful.

Plaintiff also argues that the ALJ's discussion of her mental health treatment records merely confirm that she has limited insight into her condition. Dkt. 13 at 9-10. This reading of the ALJ's discussion is not persuasive, because the ALJ cited many instances of inconsistencies in Plaintiff's reporting regarding her medication use and her improvement with medication. AR at 27-28. This evidence does not pertain to Plaintiff's insight.

Plaintiff has not shown that the ALJ erred in considering the degree to which the medical evidence supports her testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

3. *Inconsistent reporting*

The ALJ pointed to evidence showing that Plaintiff had inconsistently reported her past drug use, whether she had been diagnosed with pelvic floor dysfunction, frequency of her counseling appointments, and whether medication controls her psychiatric symptoms. AR at 29.

ORDER - 8

1       Plaintiff argues that "these minor discrepancies are not a convincing reason" to reject her testimony about her pain and mental health symptoms. Dkt. 13 at 10. These inconsistencies are not necessarily minor, and some of them directly pertain to the reliability of Plaintiff's testimony regarding her mental health symptoms. The ALJ did not err in noting that Plaintiff's testimony was not entirely consistent. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility, including '(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.'" (quoting *Smolen*, 80 F.3d at 1284)).

      4.     *Failure to follow all recommendations*

      The ALJ noted that Plaintiff's providers referred her to a chiropractor and pain management provider, and she failed to follow through on those referrals. AR at 30 (citing AR at 531, 540). The ALJ also noted that at one point, Plaintiff stopped taking medications without informing her providers, and failed to comply with the diabetic diet recommended by her providers. AR at 30 (citing AR at 381, 384, 388, 540).

      Plaintiff argues that she has limited insight into her conditions, and thus her failures to follow through do not evidence a lack of credibility. Dkt. 13 at 11. Plaintiff cites no evidence that she has limited insight into her back pain or diabetes, or the importance of following through with recommendations related to those conditions, and has not shown that the ALJ's interpretation of the evidence is unreasonable. The ALJ's findings support his determination regarding Plaintiff's subjective testimony. *See Molina*, 674 F.3d at 1113-14.

//

5. *Work history*

The ALJ noted that Plaintiff testified that she stopped working when she quit due to her own concerns about whether she was performing well, but that none of her supervisors had expressed concern. AR at 30 (referencing AR at 84-85). The ALJ further cited Plaintiff's report to a provider that she had quit her job because she was unhappy with her job and her co-workers. AR at 30 (citing AR at 402).

Plaintiff argues that "the totality of the evidence shows that [her] mental impairments caused her to stop working." Dkt. 13 at 11. She cites no evidence to support this proposition, and provides no analysis of why the ALJ's interpretation of the evidence was unreasonable. Because a claimant's inability to work must be primarily caused by their impairments, in order to qualify for disability benefits, the ALJ reasonably considered Plaintiff's statements regarding why she quit her most recent job. *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.").

In sum, because the ALJ provided multiple valid reasons to discount Plaintiff's subjective testimony, the ALJ's determination is affirmed. To the extent, however, that the medical opinion evidence must be reconsidered on remand (for reasons explained *infra*), the ALJ may need to reconsider the extent to which Plaintiff's testimony is consistent with the medical opinion evidence on remand.

B. <u>The ALJ erred in assessing medical opinion evidence.</u>

Plaintiff challenges the ALJ's assessment of two medical opinions written by examining psychologist Jennifer Koch, Psy.D. Dr. Koch evaluated Plaintiff twice, in July 2013 and February 2014. AR at 400-13, 429-39. Plaintiff argues that the ALJ's reasons for discounting Dr. Koch's opinions are legally insufficient.

Plaintiff also argues that the ALJ erred in failing to specifically weigh an intake assessment completed by Kristyn Abbott, MA, MHP, LMHC. *See* AR at 441-48.

Lastly, Plaintiff argues that the ALJ erred in crediting the State agency opinions because the consultants had the opportunity to review the longitudinal record (AR at 32-33), when they did not have the opportunity to review any records more recent than October 2013.

The Court will address each disputed opinion in turn.

1. *Legal standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the

ORDER - 11

uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. SSR 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

An ALJ may also consider opinions provided by lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors. *See* 20 C.F.R. § 404.1527(f). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

    2.    *Dr. Koch*

The ALJ discounted Dr. Koch's 2013 and 2014 opinions, finding them inconsistent with Dr. Koch's own objective findings, uninformed by access to the longitudinal treatment records, and formed in heavy reliance on Plaintiff's non-credible subjective complaints. AR at 30-31.

ORDER - 12

The ALJ's first reason is not legitimate. The ALJ failed to identify actual inconsistencies within Dr. Koch's opinion. For example, the ALJ noted that Dr. Koch found that Plaintiff would have moderate limitations in her ability to ask simple questions or request assistance, and yet found that Plaintiff's ability for abstract thought was within normal limits and that she had fair to full insight and judgment. AR at 31. These findings are not inconsistent, and do not undermine Dr. Koch's opinions. Likewise, the ALJ cited Plaintiff's ability to perform serial subtractions in 2013 and found that to be inconsistent with her inability to perform them in 2014, but Dr. Koch explained Plaintiff's symptoms had worsened between her first and second examinations. AR at 432. Evidence of Plaintiff's declining concentration abilities does not undermine Dr. Koch's opinions.

Furthermore, although Dr. Koch's opinions do record some of Plaintiff's self-report, they also delineate objective clinical findings, based on Dr. Koch's observations. *See, e.g.*, AR at 402, 404-05, 430, 432-33. The content of Dr. Koch's opinions does not indicate that she relied primarily on Plaintiff's self-report in forming her conclusions, and therefore the reliance on self-report does not undermine the value of the her opinions. *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014).

Because the ALJ provided erroneous reasons to discount Dr. Koch's opinions, those opinions should be reconsidered on remand.

3. *State agency opinions*

The ALJ found that the State agency opinions were entitled to significant weight because the consultants had the opportunity to review Plaintiff's longitudinal record, and "adequately consider[ed]" Plaintiff's subjective complaints. AR at 32-33. As noted by Plaintiff, the consultants completed their review in 2013, and thus did not review any of the

records after that time.  Plaintiff also argues that the consultants' opinions do not entirely account for her subjective testimony.

The Commissioner concedes that the ALJ erred in suggesting that the consultants reviewed the entire record, but argues that this error is harmless "because it did not impact the otherwise well-supported disability determination." Dkt. 14 at 9.  This unsupported assertion is contradicted by the ALJ's assessment of the opinion evidence: the State agency opinions were the only opinions credited by the ALJ.

The Commissioner also notes that the State agency consultants found Plaintiff only partially credible.  Dkt. 14 at 9.  That may be true (AR at 142, 156), but the ALJ's decision finds that the State agency opinions "adequately consider[ed]" Plaintiff's subjective complaints, and does not acknowledge that they do not fully account for her allegations.  The consultants' discounting Plaintiff's testimony does not support the ALJ's stated reasons to credit the opinions.  Accordingly, the Court finds that the ALJ's interpretation of the State agency opinions is legally erroneous, and these opinions shall be reconsidered on remand.

   4.   *Ms. Abbott*

The ALJ did not specifically weigh the opinion written by Ms. Abbott in February 2014, although the ALJ referred to several of Ms. Abbott's findings throughout his discussion of the medical evidence.  *See, e.g.*, AR at 28-31.

The Commissioner argues that because the ALJ explained why he rejected the Global Assessment of Functioning ("GAF") scores (AR at 30), and Ms. Abbott rated Plaintiff's GAF, the ALJ did indeed assess Ms. Abbott's opinion, contrary to Plaintiff's suggestion that the ALJ did not provide any reason to reject Ms. Abbott's opinion.  Dkt. 13 at 5; Dkt. 14 at 7-8.  On reply, Plaintiff emphasizes that a rejection of Ms. Abbott's GAF score does not address the other portions of her opinion, where she found that Plaintiff had a serious functional

ORDER - 14

impairment in health, self-care, and daily activities, and a moderate functional impairment in home, family, and community needs. Dkt. 16-1 at 5.

Plaintiff accurately summarizes Ms. Abbott's conclusions, but those conclusions are not stated in reference to an RFC or any particular restrictions. *See* AR at 447. Given the lack of explicit limitations found in Ms. Abbott's opinion, the ALJ's RFC assessment is not necessarily inconsistent with the opinion, and thus the ALJ did not err in failing to explain why the opinion was discounted. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

C. <u>The ALJ did not err in assessing lay evidence.</u>

The ALJ discounted statements provided by Plaintiff's sister and daughter (AR at 262, 279-86, 336), finding them inconsistent with Plaintiff's own statements. AR at 33. Plaintiff argues that the ALJ erred in discounting this evidence, because the ALJ did not identify actual inconsistencies.

Plaintiff also argues that the ALJ erred in failing to discuss observations recorded by an agency employee describing Plaintiff's hearing problems and her difficulty staying "on track." Dkt. 13 at 14 (citing AR at 265).

As discussed above, an ALJ must provide germane reasons to discount lay witness testimony. *Dodrill,* 12 F.3d at 919. The ALJ did not err in discounting Plaintiff's sister's and daughter's statements to the extent they were inconsistent with Plaintiff's own statements. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports). The ALJ noted that Plaintiff's daughter indicated that Plaintiff has significant contact with other people via telephone, texting, and e-mailing, yet Plaintiff herself

ORDER - 15

reported that she has no contact with anyone on a regular basis. AR at 33. The ALJ also noted that Plaintiff's sister indicated that Plaintiff experienced some improvement in her pelvic floor disorder with physical therapy, yet Plaintiff reported that physical therapy actually increases her pain.[4] AR at 33. These inconsistencies are a germane reason to discount the lay statements.

The ALJ did not err in failing to discuss the agency employee's observations, because (1) the ALJ actually did discuss the employee's observations (AR at 23, 29), and (2) those observations are consistent with the ALJ's RFC assessment, which accounts for hearing problems and concentration deficits. *See* AR at 24. Accordingly, Plaintiff has not shown error with respect to the agency employee's observations.

Finally, Plaintiff notes that she submitted additional lay evidence to the Appeals Council. *See* AR at 344-47. Because this case will be remanded, the ALJ will have an opportunity to review those statements and address them in the new decision.

## VIII. CONCLUSION

For the foregoing reasons, the Court REVERSES and REMANDS this case to the Commissioner for further proceedings not inconsistent with the Court's instructions.

DATED this 30th day of October, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

---

[4] Plaintiff attempts to show that the ALJ erred in finding her sister's testimony inconsistent, because her sister contended that occupational (rather than physical) therapy led to improvement. Dkt. 13 at 15-16. But Plaintiff referenced physical, not occupational, therapy in connection with her pelvic floor disorder at the administrative hearing. *See, e.g.*, AR at 79.